UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ORLANDO ZAYAS, JR.,

                                  Plaintiff,

                                                          Case # 15-CV-6312-FPG

v.
                                                          DECISION AND ORDER

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,

                                  Defendant.

Orlando Zayas, Jr. ("Zayas" or "Plaintiff") brings this action to challenge the final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied his application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Title II and Title XVI of the Social Security Act ("the Act"). ECF No. 1. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 405(g).

Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. ECF Nos. 9, 12. For the reasons stated below, this Court finds that the Commissioner's decision is not in accordance with the applicable legal standards. Accordingly, Plaintiff's Motion is granted, the Commissioner's Motion is denied, and this matter is remanded to the Commissioner for further administrative proceedings.

## BACKGROUND

On August 20, 2012, Zayas filed applications for DIB and SSI. Tr.[1] 153-70. He alleged that he had been disabled within the meaning of the Act since July 11, 2012. Tr. 153, 156. After his application was denied at the initial administrative level, a hearing was held before Administrative Law Judge Gregory M. Hamel ("the ALJ") on November 1, 2013, in which the

---

[1]     References to "Tr." are to the administrative record in this matter.

ALJ presided by videoconference and considered Zayas's application *de novo*. Tr. 25-65. Zayas appeared at the hearing with his representative and testified. *Id.* Maria Vargas, a Vocational Expert ("the VE"), also testified. Tr. 53-59, 61-63. On January 16, 2014, the ALJ issued a decision finding that Zayas was not disabled within the meaning of the Act. Tr. 10-20. That decision became the final decision of the Commissioner when the Appeals Council denied Zayas's request for review on March 25, 2015. Tr. 1-4. Zayas timely commenced this action on May 21, 2015, seeking review of the Commissioner's final decision. ECF No. 1.

## DISCUSSION

### I.     District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks omitted). It is not this Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

## II.    Disability Determination

The ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986).   At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b).   If so, the claimant is not disabled.   If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that the impairment imposes significant restrictions on the claimant's ability to perform basic work activities.   20 C.F.R. § 404.1520(c).   If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled."   If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4.   If the impairment meets or medically equals the criteria of a listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled.   If not, the analysis proceeds to step four, and the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).   The ALJ then determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work.   If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled.   To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual

functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## III.    The ALJ's Decision

The ALJ's written decision analyzed Zayas's claim for benefits under the process described above.   Upon review of that decision and the supporting administrative record, this Court finds that the ALJ's RFC determination is not supported by substantial evidence and that this matter must be remanded for further administrative proceedings.

At step one, the ALJ found that Zayas had not engaged in substantial gainful activity since July 11, 2012, the alleged onset date. Tr. 12.   At step two, the ALJ found that Zayas had the following severe impairments: right acromioclavicular strain with bicipital tenosynovitis and right rotator cuff tendinopathy status post-right-shoulder arthroscopy, non-ST segment elevation myocardial infarction and single-vessel coronary artery disease status post-stent placement, degenerative join disease of the left knee, plantar fasciitis of the left foot, and obesity.   Tr. 13-14. At step three, the ALJ found that such impairments, alone or in combination, did not meet or medically equal an impairment in the Listings. Tr. 14.

Accordingly, the ALJ moved to step four.   Here, the ALJ determined that Zayas retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b)[2] with the following qualifications: he can only occasionally climb stairs, balance, stoop, kneel, crouch, and crawl; he cannot climb ladders and similar devices; and he can use the hands and arms for

---

[2]       "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.   Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.   To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.   If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."   20 C.F.R. §§ 404.1567(b) and 416.967(b).

frequent but not constant handling and reaching.  Tr. 14-18.  The ALJ relied on the testimony of the VE and found that this RFC prevents Zayas from performing his past relevant work as a tractor trailer driver, material handler, or heavy truck driver.  Tr. 18.

At step five, the ALJ relied on the testimony of the VE and found that Zayas was capable of making an adjustment to other work that exists in significant numbers in the national economy given his RFC, age, education, and work experience.  Tr. 18-19.  Specifically, the VE testified that Zayas could work in representative occupations such as courier, sales attendant, and cafeteria attendant.  Tr. 19.  The ALJ further explained that, even if Zayas were able to do sedentary work only, there would still be jobs he could perform including order clerk and document preparer.  *Id.*  Accordingly, the ALJ concluded that Zayas was not "disabled" under the Act.  *Id.*

## IV.   Analysis

Zayas argues that the ALJ's RFC is not supported by substantial evidence because it is a product of his lay opinion and relies on gaps in the record.  ECF No. 9, at 12-28.[3]  Specifically, Zayas argues that "[t]he record did not contain an opinion of [his] function-by-function abilities and limitations, and the ALJ instead relied upon the raw medical evidence contained in the treatment notes, which fails to adequately address [his] functioning."  *Id.* at 13.  Moreover, "the ALJ reduced the weight given to the only medical opinions addressing [his] functioning."  *Id.* at 15.  Zayas asserts that the ALJ failed to develop the record because he did not seek medical opinions that assessed his residual functional capabilities.  *Id.* at 22-28.

The Commissioner argues that "the totality of the evidence supports the ALJ's RFC determination, and shows that surgery and medication effectively treated Plaintiff's conditions."

---

[3]   Zayas advances other arguments that he believes require reversal of the Commissioner's decision.  However, because this Court disposes of this matter based on the improper RFC determination, those arguments need not be reached.

ECF No. 12, at 14.   The Commissioner also contends that the ALJ was not obligated to re-contact any of Zayas's doctors or consultative examiners because "the evidence [wa]s sufficient to make a disability determination." *Id.* at 21-22.   For the reasons that follow, this Court finds that the RFC determination was not supported by substantial evidence, which requires remand of this matter for further administrative proceedings.

The ALJ gave "some weight" to the opinion of consultative examiner Harbinder Toor, M.D. ("Dr. Toor").   Tr. 17.   The ALJ discounted Dr. Toor's opinion that Zayas had "moderate to severe limitation in standing, walking, squatting or lifting," because that opinion was disproportionate to Dr. Toor's other examination findings.   *Id.*   Specifically, the ALJ reasoned that "Dr. Toor found no significant deficits in motor strength or range of motion aside from limitations in range of motion of his right shoulder prior to surgery."   *Id.*   Yet the ALJ ignored the fact that Dr. Toor also noted that Zayas appeared to be in moderate pain, had an abnormal gait, had difficulty heel to toe walking, demonstrated a limited squat, had difficulty changing for the examination and getting out of the chair, and his left knee had limited range of motion and was swollen.   Tr. 386-89.   The ALJ also reasoned that Dr. Toor's opinion was disproportionate to Zayas's "own description of his activities, including, driving, grocery shopping, working, exercising, and walking regularly."[4]   *Id.*

The ALJ gave "limited weight" to the opinion of Zayas's treating orthopedic surgeon, Richard Miller, M.D. ("Dr. Miller").   Tr. 17.   This is because Dr. Miller noted that Zayas was "100 percent disabled 5 days following shoulder surgery."   *Id.*   Dr. Miller also indicated that

---

[4]     This Court notes that a claimant "need not be an invalid" to be disabled under the Social Security Act. *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) (quoting *Williams v. Bowen*, 859 F.2d 255, 260 (2d Cir. 1988)); *Jones v. Colvin*, No. 6:14-CV-6316 (MAT), 2015 WL 4628972, at *6 (W.D.N.Y. Aug. 3, 2015) ("It is well-settled that the performance of basic daily activities of daily living does not necessary contradict allegations of disability, as people should not be penalized for enduring the pain of their disability in order to care for themselves.") (internal quotation marks and citations omitted).

Zayas's "work capacity would be assessed on an ongoing basis with follow up." *Id.* The ALJ reasoned that "it appears that this was only a temporary restriction" and thus gave it "only limited weight." *Id.* The ALJ did not contact Dr. Miller for an updated opinion.

The ALJ gave "limited weight" to the opinion of Zayas's physical therapist, Doug Mincer ("Mr. Mincer"), in part because it was rendered before Zayas's shoulder surgery.  Tr. 17. However, the ALJ did not contact Dr. Mincer for an updated opinion.  The ALJ also noted that "it appear[ed] Mr. Mincer was no longer assign[ing] a lifting restriction" by November 2012. *Id.* However, the November 2012 progress note indicates that Zayas's shoulder symptoms were exacerbated by lifting and that medication and physical therapy had not improved his condition. Tr. 403.  The ALJ also noted that Mr. Mincer is "not an acceptable medical source."  Tr. 17.

The ALJ's rejection of these opinions created an evidentiary gap in the record requiring remand.  *Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015); *House v. Astrue*, No. 5:11-CV-915 (GLS), 2013 WL 422058, at *4 (N.D.N.Y. Feb. 1, 2013) (the ALJ's proper rejection of the treating physician's opinion nonetheless necessitated remand because the absence of any other medical assessment created an evidentiary gap in the record).

"[A]n ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Wilson*, 2015 WL 1003933, at *21 (quoting *Dailey v. Astrue*, No. 09-CV-0099(A)(M), 2010 WL 4703599, at *11 (W.D.N.Y. Oct. 26, 2010), *report and recommendation adopted*, No. 09-CV-99A, 2010 WL 4703591 (W.D.N.Y. Nov. 19, 2010)). Thus, even though the Commissioner is empowered to make the RFC determination, "[w]here the medical findings in the record merely diagnose [the] claimant's exertional impairments and

do not relate those diagnoses to specific residual functional capabilities," the general rule is that the Commissioner "may not make the connection himself." *Wilson*, 2015 WL 1003933, at *21 (quoting *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 912 (N.D. Ohio 2008)); *Jermyn v. Colvin*, No. 13-CV-5093 (MKB), 2015 WL 1298997, at *19 (E.D.N.Y. Mar. 23, 2015) ("[N]one of these medical sources assessed Plaintiff's functional capacity or limitations, and therefore provide no support for the ALJ's RFC determination."). Depending on the circumstances, like when the medical evidence shows only minor physical impairments, "an ALJ permissibly can render a common sense judgment about functional capacity even without a physician's assessment." *Wilson*, 2015 WL 1003933, at *21 (quoting *House*, 2013 WL 422058, at *4). This Court concludes that those circumstances do not exist here, because Zayas had several complicated and longstanding impairments including coronary artery disease, hypertension, diabetes, shoulder, knee, and ankle pain, and obesity. Tr. 386-89.

Although there are many treatment notes in the record, they generally contain bare medical findings and fail to address or illuminate how Zayas's impairments affect his physical ability to perform work-related functions. The evidence the ALJ relied on did not reflect Zayas's ability to stand, walk, sit, push, pull, lift, and carry. After discounting the medical opinions as explained above, the ALJ determined that Zayas retained the physical RFC to perform light work with some restrictions. Tr. 14-18. Interestingly, the RFC did not provide for any sitting or standing limitation, despite the fact that Zayas's testimony (Tr. 49-50) and the medical records (Tr. 386-89) indicated that he had such limitations. The RFC also did not provide for any restriction as to pushing, pulling, or lifting in light of his shoulder impairment, which was also evident in the medical records. S*ee, e.g.*, Tr. 395. An ALJ may not "cherry pick" from a medical opinion, *i.e.*, he or she may not credit evidence that supports administrative findings

while ignoring conflicting evidence from the same source. *Younes v. Colvin*, No. 1:14-CV-170 (DNH/ESH), 2015 WL 1524417, at \*8 (N.D.N.Y. Apr. 2, 2015) ("'Cherry picking' can indicate a serious misreading of evidence, failure to comply with the requirement that all evidence be taken into account, or both."). It is unclear to this Court how the ALJ arrived at the RFC and thus it is not supported by substantial evidence. *Wilson*, 2015 WL 1003933, at \*21; *see also Felder v. Astrue*, No. 10-CV-5747 (DLI), 2012 WL 3993594, at \*13 (E.D.N.Y. Sept. 11, 2012) ("Because an RFC determination is a medical determination, an ALJ who makes an RFC determination in the absence of a supporting expert medical opinion has improperly substituted his own opinion for that of a physician, and has committed legal error."); *Dailey*, 2010 WL 4703599, at \*11 ("Without this additional medical evidence [the ALJ], as a lay person, could not bridge the gap between plaintiff's [impairments] and the functional limitations that flow from these impairments . . . ."); *Walker v. Astrue*, No. 08-CV-0828(A)(M), 2010 WL 2629832, at \*7 (W.D.N.Y. June 11, 2010) ("Given the limited evidence in the record of plaintiff's functional limitations . . . including the lack of any treating or consultative opinions concerning the extent of these limitations, I conclude that [the ALJ] should have ordered a consultative psychological examination or attempted to contact plaintiff's treating physicians to complete the record in order to make a proper RFC determination."); *Lawton v. Astrue*, No. 1:08-CV-0137 (LEK/DEP), 2009 WL 2867905, at \*16 (N.D.N.Y. Sept. 2, 2009) ("The record in this [case] contains no assessment from a treating source quantifying plaintiff's physical capabilities, and thus there is no basis upon which the court can find that substantial evidence supports the ALJ's light work RFC determination.").

It is an "ALJ's duty to investigate and develop the facts and develop the arguments both for and against the granting of benefits" because disability determinations are investigatory or

inquisitorial and not adversarial in nature. *Butts v. Barnhart*, 388 F.3d 377, 386 (2d Cir. 2004). This duty exists even when the claimant is represented by counsel. *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996). The record must be sufficiently complete and detailed to allow the ALJ to determine the claimant's RFC. *Jones*, 2015 WL 4628972, at *3 (citing SSR 96-8p, 1996 WL 374184, at *5 (S.S.A. July 2, 1996) ("The adjudicator must . . . make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC.")). This means that "where the transcript contains only diagnostic evidence and no opinion from a medical source about functional limitations . . . the ALJ must recontact the treating source, order a consultative, examination, or have a medical expert testify at the hearing." *Gross v. Astrue*, No. 12-CV-6207P, 2014 WL 1806779, at *18 (W.D.N.Y. May 7, 2014) (quoting *Deskin*, 605 F. Supp. 2d at 912). Here, the ALJ discounted the medical opinions that assessed Zayas's functional capacity, and thus erred when he failed to obtain new opinions and properly develop the record.

## CONCLUSION

For the reasons stated above, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 12) is DENIED, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 9) is GRANTED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of the Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: May 1, 2016
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court